Rasheed McWilliams (SBN 281832)
Rasheed@cotmanip.com
Daniel C. Cotman (CBN 218315)
dan@cotmanip.com
Obi I. Iloputaife (SBN 192271)
obi@cotmanip.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX: (626) 316-7577

Attorneys for Plaintiff
SHIPPING & TRANSIT LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHIPPING & TRANSIT LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>HALL ENTERPRISES, INC. d/b/a LOGISTICS PLANNING SERVICES,<br><br>     Defendant. | Case No. 2:16-cv-06535-AG-AFM<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (FRCP 12(C)) AND ENTRY OF JUDGMENT<br><br>Date: December 5, 2016<br>Time: 10:00 a.m.<br>Courtroom: 10D<br><br>**JUDGE: HON. ANDREW J. GUILFORD** |

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................1

II.   THE ASSERTED PATENTS .................................................................................1

    A.   U.S. Patent 6,763,299 ("the '299 patent") .......................................................2

    B.   U.S. Patent 6,415,207 ("the '207 patent") .......................................................2

    C.   U.S. Patent 6,904,359 C1 ("the '359 patent") .................................................3

III.   Legal Standard ......................................................................................................5

    A.   General Framework and Procedures ................................................................5

    B.   The Machine-or-Transformation "Clue" .........................................................9

IV.   ARGUMENTS .....................................................................................................10

    A.   Defendant has not established that the Asserted Claim of the '299 patent is Drawn to an Abstract Idea ..............................................................................10

    B.   Defendant has not established that the Asserted Claims of the '207 patent are Drawn to an Abstract Idea ..............................................................................11

    C.   Defendant has not established that the Asserted Claim of the '359 patent is Drawn to an Abstract Idea ..............................................................................12

    D.   The Machine-or-Transformation "Clue" Supports Plaintiff .........................13

V.   CONCLUSION ...................................................................................................14

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

TABLE OF AUTHORITIES

**CASES**

*01 Communique Laboratory*, 2015 WL 9268913, at *10 ............................................. 6

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358 (2014) ................... 5, 6, 9

*Bilski v. Kappos*, 561 U.S. 593, 604 (2010) ................................................................. 9

*C. R. Bard, Inc. v. Angiodynamics, Inc.*, Civ. No. 15–218, 2016 WL 153033, *12–*13
　　(D. Del. Jan. 12, 2016) ............................................................................................ 6

*Callwave*, 2016 U.S. Dist. LEXIS 125486, at *12-14 .................................................. 13

*Card Verification Solutions, LLC v. Citigroup Inc.*, 13 C 6339, 2014 WL 4922524, *2,
　　*5 (N.D. Ill. Sept. 29, 2014) .................................................................................. 6, 9

*Concaten, Inc. v. AmeriTrak Fleet Solutions*, LLC, 131 F. Supp. 3d 1166 (D. Colo.
　　2015) ...................................................................................................................... 13

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d
　　1343, 1348 (Fed. Cir. 2014) .................................................................................... 6

*Cronos Technologies, LLC v. Expedia, Inc.*, Civ. No. 13–1538, 2015 WL 5234040, *2–
　　*4 (D. Del. Sept. 8, 2015) ........................................................................................ 6

*DataTern, Inc. v. Microstrategy, Inc.*, Civ. No. 11–11970, 2015 WL 5190715, *8 (D.
　　Mass. Sept. 4, 2015) ............................................................................................... 7

*DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1259 (Fed. Cir. 2014) ......... 7

*Diamond v. Diehr*, 450 U.S. 175, 189 n.12 (1981) ....................................................... 8

*Eclipse IP LLC v. McKinley Equip. Corp.*, 2014 U.S. Dist. LEXIS 125395, at *26-28
　　(C.D. Cal. Sept. 4, 2014) ................................................................................. 11, 12

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

*Enfish, LLC v. Microsoft Corp.*, 822 F. 3d 1327, 1337-38 (Fed. Cir. 2016)............8, 11

*Finjan, Inc. v. Blue Coat Systems, Inc.*, 13–cv–03999, 2015 WL 7351450, *9–*10 (N.D. Cal. Nov. 20, 2015)..................................................................................................8

*Kara Technology Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1347–48 (Fed. Cir. 2009)..1

*Kenexa BrassRing*, 2015 WL 1943826, *7 ...............................................................6

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1297–98 (2012) ..........................................................................................................................5

*Messaging Gateway Solutions, LLC v. Amdocs, Inc.*, Civ. No. 14–732, 2015 WL 1744343, *5 (D. Del. April 15, 2015) ........................................................................5

*Prism Technologies, LLC v. T-Mobile USA, Inc.*, No. 8:12–CV–124, 2015 WL 6161790, *3 (D. Neb. Sept. 22, 2015)........................................................................7

*SiRF Technology, Inc. v. International Trade Comm'n*, 601 F.3d 1319, 1332–33 (Fed. Cir. 2010).........................................................................................................9, 13

*Trading Technologies International, Inc. v. CQG, Inc.*, 05–cv–4811, 2015 WL 774655, *3 (N.D. Ill. Feb. 24, 2015) ......................................................................5, 8

*Versata Development Group, Inc. v. SAP America, Inc.*, 793 F.3d 1306, 1331–32 (Fed. Cir. 2015).........................................................................................................6

*Versata Software, Inc. v. Zoho Corp.*, 13–CA–00371, 2015 WL 6506368, *3 (W.D. Tex. Oct. 26, 2015)...................................................................................................6

*Wireless Media Innovations, LLC v. Maher Terminals, LLC*, 100 F. Supp. 3d 405 (D.N.J. 2015)).........................................................................................................13

Plaintiff, Shipping & Transit LLC ("S&T" or "Plaintiff"), by his undersigned counsel, hereby opposes the Motion for Judgment on the Pleadings and Entry of Judgment filed by Defendant Hall Enterprises, Inc. d/b/a Logistics Planning Services ("Hall" or "Defendant").

I. **INTRODUCTION**

Arguments that presumed-valid patents are directed to ineligible "abstract" subject matter have become commonplace. Like many accused infringers, Defendant, who directly competes with Plaintiff's other licensees' in the shipping and transit market, is attempting to stretch the patentable subject matter doctrine well beyond its limited gatekeeper role. While claims directed to business concepts with token limitations to "do it on a computer" are the proper subject of such motions, the patents here claim real time monitoring and communication systems and not simply software patents like Defendant would want the Court to believe. Also, the claims at issue are consistent with a litany of cases upholding various software and other computer technology patent claims. Defendant's motion to dismiss should be denied.

II. **THE ASSERTED PATENTS**

The specifications[1] and claims of the asserted patents are not directed to human methods of tracking and communicating the status of delivery vehicles or to the vague notion of notify a user regarding the location of a vehicle.[2] The asserted independent claims are as follows:

---

[1] The specification must be distinguished from the claims themselves. It is the claims, not the specification, that determine the scope of the invention. *E.g. Kara Technology Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1347–48 (Fed. Cir. 2009).

[2] Plaintiff need not and does not address the proper construction of any claim terms at this time. Rather, Plaintiff simply points out that the intrinsic record shows claims directed to something far more specific than what Defendant argues.

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

### A.     U.S. Patent 6,763,299 ("the '299 patent")

The '299 patent discloses systems for maintaining a delivery list having a plurality of stop locations, for monitoring travel data associated with one or more vehicles in relation to the delivery list, and for, when a vehicle approaches, is at, or leaves a stop location, sending a communication to a party associated with a subsequent stop location to notify the party of impending arrival at the subsequent stop location.

Claim 14 of the '299 patent requires:
- maintaining delivery information identifying a plurality of stop locations;
- monitoring travel data associated with a vehicle in relation to the delivery information;
- when the vehicle approaches, is at, or leaves a stop location: determining a subsequent stop location in the delivery information;
- determining user defined preferences data associated with the stop location, the user defined preferences data including a time period for the vehicle to reach the subsequent stop that corresponds to when the party wishes to receive the communication; and
- sending a communication to a party associated with the subsequent stop location in accordance with the user defined preferences data to notify the party of impending arrival at the subsequent stop location.

The '299 patent at 36:10-29.

### B.     U.S. Patent 6,415,207 ("the '207 patent")

The specification describes a system for monitoring and reporting vehicle status information using a database, a communication interface, and a system manager. The database stores status information associated with one or more vehicles, and the communication interface is designed to communicate with communication devices

2

remotely located from the system. The system manager receives real-time messages transmitted from the vehicle and updates the status information stored in the database based on the received message. When a remote communication device establishes communication with the communication interface, the communication interface receives caller identification information, e.g. email address or telephone number, automatically transmitted to the communication interface. The system manager analyzes this caller identification information and automatically retrieves status information from the database based on the caller identification information. The system manager then transmits, via the communication interface, the retrieved status information to the remote communication device.

Claim 10 of the '207 patent requires:
- maintaining status information associated with a vehicle, said status information indicative of a current proximity of said vehicle;
- communicating with a remote communication device;
- receiving caller identification information automatically transmitted in said communicating step;
- utilizing said caller identification information to automatically search for and locate a set of said status information;
- automatically retrieving said set of status information based on said searching for and locating step; and
- transmitting said retrieved set of status information to said remote communication device.

The '207 patent at 8:60-9:7.

C. **U.S. Patent 6,904,359 C1 ("the '359 patent")**

The '359 patent discloses a vehicle status reporting system wherein a user defines the parameters regarding when the user will receive a vehicle status report about the

3

status of a mobile vehicle, in relation to a location, for establishing a communication link between the system and the user, and for delivering the status report during the communication link, the status report indicating occurrence of one or more events.

Claim 19 of the '359 patent requires:

(a) permitting a user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location, by the following steps:

(1) permitting the user to electronically communicate during a first communication link with the notification system from a user communications device that is remote from the notification system and the vehicle whose travel is being monitored, the notification system being located remotely from the vehicle;

(2) receiving at the notification system during the first communication link an identification of the one or more events relating to the status of the vehicle, wherein the one or more events comprises at least one of the following: distance information specified by the user that is indicative of a distance between the vehicle and the location, location information specified by the user that is indicative of a location or region that the vehicle achieves during travel, time information specified by the user that is indicative of a time for travel of the vehicle to the location, or a number of one or more stops that the vehicle accomplishes prior to arriving at the location;

(b) initiating a second communication link from the host computer system to a remote communications device to be notified of the status of the mobile vehicle in relation to the location, when appropriate, based upon occurrence of the predefined one or more events by the vehicle during the travel.

The '359 patent at 3:38-63.

### III. LEGAL STANDARD

#### A. General Framework and Procedures

In *Mayo v. Prometheus* the Supreme Court articulated a framework for analyzing the judicially created patentability requirements housed under the general rubric of Section 101 of the Patent Act. As relevant here, the accused infringer must first establish that the claims are directed to an abstract idea. If they are, the accused infringer must further establish that there is no "inventive concept" extending beyond the abstract idea. *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1297–98 (2012). If the accused infringer fails on either prong of the framework, the Section 101 challenge must be rejected.

The Supreme Court made clear in *Alice Corp.*, with regard to computerized inventions, that the relevant concern is whether the patentee has attempted to monopolize all applications of an abstract idea or other unpatentable subject matter through "generic" instructions to "apply it" on a computer in an unspecified manner. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358 (2014). Courts must be careful, however, not to overgeneralize patent claims to find an "abstract idea":

> If one looks at almost any patent from far enough away, it could arguably claim an abstract idea. For example, Alexander Graham Bell's patent could be said to claim the abstract idea of oral communication.

*Messaging Gateway Solutions, LLC v. Amdocs, Inc.*, Civ. No. 14–732, 2015 WL 1744343, *5 (D. Del. April 15, 2015).

The burden is on the accused infringer to demonstrate, by clear and convincing evidence, the facts necessary to establish each of the two prongs of the analysis. *Trading Technologies International, Inc. v. CQG, Inc.*, 05–cv–4811, 2015 WL 774655, *3 (N.D. Ill. Feb. 24, 2015).[3] A patentee, in response to a Section 101 motion to dismiss, need

---

[3] *See also 01 Communique Laboratory, Inc. v. Citrix Systems, Inc.*, 06–cv–253, 2015 WL 9268913, *6 (N.D. Ohio Dec. 21, 2015); *Netgear, Inc. v. Ruckus Wireless, Inc.*, 5 F. Supp. 3d 592, 620 (D. Del. 2013); *Kenexa BrassRing, Inc. v. HireAbility.com, LLC*, Civ. No. 12–10943, 2015 WL 1943826, *2

5

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

only show that patent eligibility of the presumed-valid claims is plausible, construing the pleadings in the light most favorable to the patentee. *Cronos Technologies, LLC v. Expedia, Inc.*, Civ. No. 13–1538, 2015 WL 5234040, *2–*4 (D. Del. Sept. 8, 2015); *Kenexa BrassRing*, 2015 WL 1943826, *7; *see also Versata Software, Inc. v. Zoho Corp.*, 13–CA–00371, 2015 WL 6506368, *3 (W.D. Tex. Oct. 26, 2015) (court "indulging every inference in [patent owner's] favor" in ruling on accused infringer's summary judgment motion under Section 101). While a court is not prohibited from resolving a Section 101 challenge to a presumed-valid patent on a motion to dismiss in "rare" instances, the motion must be denied when claim construction and discovery are needed to develop the proper record or understanding of claim scope. *Card Verification Solutions, LLC v. Citigroup Inc.*, 13 C 6339, 2014 WL 4922524, *2, *5 (N.D. Ill. Sept. 29, 2014); *C. R. Bard, Inc. v. Angiodynamics, Inc.*, Civ. No. 15–218, 2016 WL 153033, *12–*13 (D. Del. Jan. 12, 2016). A court may consider "representative" claims, but the accused infringer must prove that the claims it has addressed truly are "representative." *Cronos*, 2015 WL 5234040 at *2–*4; *see also Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (patentee failed to argue to trial court that claim was not representative). Courts must consider the claim limitations both "individually and as an ordered combination." *Versata Development Group, Inc. v. SAP America, Inc.*, 793 F.3d 1306, 1331–32 (Fed. Cir. 2015).

The mere fact that inventions involve computers does not render them "conventional" and unpatentable. *Alice*, 134 S. Ct. at 2357–59. It is only "wholly generic computer implementation" that is problematic. *Id.* at 2358. Claims that, "for example, purport to improve the functioning of the computer itself," satisfy the Section 101 requirement. *Id.* at 2359; *see also 01 Communique Laboratory*, 2015 WL 9268913, at *10 ("Software patents are not all automatically directed to an abstract idea."). Similarly, claims addressing problems that "arose uniquely" in the context of the

---

(D. Mass. April 28, 2015); *but see Wireless Media Innovations, LLC v. Maher Terminals*, LLC, Civ. No. 14–7004, 2015 WL 1810378, *6 (D.N.J. April 20, 2015).

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Internet or other computing platforms and that provide a specific method of solving such problems satisfy Section 101. *Prism Technologies, LLC v. T-Mobile USA, Inc.*, No. 8:12–CV–124, 2015 WL 6161790, *3 (D. Neb. Sept. 22, 2015); *DataTern, Inc. v. Microstrategy, Inc.*, Civ. No. 11–11970, 2015 WL 5190715, *8 (D. Mass. Sept. 4, 2015).

The leading Federal Circuit case upholding software and other computer-related inventions under the *Mayo/Alice* framework is *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1259 (Fed. Cir. 2014) (process "to automate the creation of a composite web page by an 'outsource provider' that incorporates elements from multiple sources in order to solve a problem faced by websites on the Internet"). As to the "abstract idea" prong, the court noted that the claims did not recite a mathematical algorithm or "fundamental economic or longstanding commercial practice." *Id*. at 1257. "Although the claims address a business challenge (retaining website visitors), it is a challenge particular to the Internet." *Id*. Further, "these claims stand apart because they do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." *Id*.

With regard to pre-emption, the Federal Circuit found that "the claims at issue do not attempt to pre-empt every application of the idea of increasing sales by making two web pages look the same[.] Rather, they recite a specific way to automate the creation of a composite web page by an 'outsource provider' that incorporates elements from multiple sources in order to solve a problem faced by websites on the Internet." *Id*. at 1259. In sum:

> To be sure, the asserted claims do not recite an invention as technologically complex as an improved, particularized method of digital data compression. But nor do they recite a commonplace business method aimed at processing business information, applying a known business process to the particular technological environment of the Internet, or

7

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

> creating or altering contractual relations using generic computer functions and conventional network operations[.]

*Id.; see also Trading Technologies*, 2015 WL 774655, *4–*5 (Section 101 satisfied because claims were not directed to mathematical algorithm, fundamental economic or longstanding commercial practice, or business process); *Finjan, Inc. v. Blue Coat Systems, Inc.*, 13–cv–03999, 2015 WL 7351450, *9–*10 (N.D. Cal. Nov. 20, 2015).

In its decision reversing the trial court in *Enfish, LLC v. Microsoft Corp.*, the Federal Circuit cautioned courts that the "abstract idea" step of the Alice analysis is easily overused:

> The district court concluded that the claims were directed to the abstract idea of "storing, organizing, and retrieving memory in a logical table" or, more simply, "the concept of organizing information using tabular formats." Likewise, Microsoft urges the court to view the claims as being directed to "the concepts of organizing data into a logical table with identified columns and rows where one or more rows are used to store an index or information defining columns." ***

> In finding that the claims were directed simply to "the concept of organizing information using tabular formats," the district court oversimplified the self-referential component of the claims and downplayed the invention's benefits. The court determined that the patents' self-referential concept could be satisfied by creating a table with a simple header row. But that is simply not the case. For example, step three of the algorithm described above explains that the table stores information related to each column in rows of that very same table, such that new columns can be added by creating new rows in the table. ***

> [T]he claims here are directed to an improvement in the functioning of a computer. In contrast, the claims at issue in Alice and Versata can readily be understood as simply adding conventional computer components to well-known business practices.

*Enfish, LLC v. Microsoft Corp.*, 822 F. 3d 1327, 1337-38 (Fed. Cir. 2016) (internal citation omitted), *citing cf. Diamond v. Diehr*, 450 U.S. 175, 189 n.12 (1981)

(cautioning that overgeneralizing claims, "if carried to its extreme, make[s] all inventions unpatentable because all inventions can be reduced to underlying principles of nature which, once known, make their implementation obvious"). Defendant makes the same sort of argument that was rejected in *Enfish* and should be rejected by this Court.

### B. The Machine-or-Transformation "Clue"

The "machine-or-transformation test" remains "a useful and important clue, an investigative tool, for determining whether some claimed inventions are processes under § 101," but is "not the sole test for deciding whether an invention is a patent-eligible 'process.'" *Bilski v. Kappos*, 561 U.S. 593, 604 (2010). A claim need not satisfy the machine-or-transformation clue to pass Section 101 muster. *Id*. For the clue to weigh against the presumption of Section 101 validity, the accused infringer must show that the claims are not directed to specific machine and that the claims could be performed without the machine. *See SiRF Technology, Inc. v. International Trade Comm'n*, 601 F.3d 1319, 1332–33 (Fed. Cir. 2010). "Machine" includes "every mechanical device or combination of mechanical powers and devices to perform some function and produce a certain effect or result." *Id*. Computers are "machines" under Section 101, although if an accused infringer can establish that the patentee has included "wholly generic computer implementation" as "a drafting effort designed to monopolize the abstract idea itself," this will "generally" not support a finding of Section 101 eligibility. *Alice*, 134 S. Ct. at 2358.

With regard to the transformation prong, manipulation and reorganization of data generally do not qualify as transformation. If, however, the claims require changing the data itself, there may be sufficient transformation. *Card Verification Solutions*, 2014 WL 4922524, *5 ("But here, the claimed invention goes beyond manipulating, reorganizing, or collecting data by actually adding a new subset of numbers or characters to the data, thereby fundamentally altering the original confidential information.").

## IV. ARGUMENTS

### A. Defendant has not established that the Asserted Claim of the '299 patent is Drawn to an Abstract Idea

The claims here are directed at a specific method of tracking and notifying a user of the status of a vehicle. Defendant tries to trivialize the invention by attempting to use a hotel bellboy to perform the claimed processes. The problem with Defendant's analogy is that it presumes the bellboy has real-time traffic information and the vehicle's travel data to meet the claim element:

> determining user defined preferences data associated with the stop location, the user defined preferences data including a time period for the vehicle to reach the subsequent stop that corresponds to when the party wishes to receive the communication.

The '299 patent at 36:21-25. Thus, Defendant's hotel bellboy would have to, in real-time[4], determine and update the location of the vehicle, determine the exact instance the party wishes to receive the communication based on the vehicles current location and estimated travel time to the party's location. These are not steps that can be performed without real-time knowledge of the vehicle location by GPS, traffic information, route information, user preference, etc. Thus, under *SiRF Technology*, Defendant's arguments fail.

Defendant cites *Enfish*, but *Enfish* does not help Defendant. Like the arguments made by Microsoft in *Enfish*, Defendant here improperly ignores the actual language and grossly oversimplifies the claims to find an allegedly abstract idea. Put very simply in the following passage from *Enfish* that applies equally here:

> In other words, we are not faced with a situation where general-purpose computer components are added post-hoc to a fundamental economic practice or mathematical equation. Rather, the claims are directed to a specific implementation of a solution to a problem in the software arts.

---

[4] The file history makes it clear that the tasks are performed in real-time.

*Enfish, LLC*, 822 F. 3d at 1339.

Defendant would have this Court violate these important Federal Circuit principles, claiming that this case is instead akin to and should be governed by the Central District case in *Eclipse IP LLC v. McKinley Equip. Corp.*, 2014 U.S. Dist. LEXIS 125395, at *26-28 (C.D. Cal. Sept. 4, 2014). Defendant's equating the present case to *Eclipse* is based on its improper analogy of the hotel bellboy performing the claimed functions, which was debunked above.

### B. Defendant has not established that the Asserted Claims of the '207 patent are Drawn to an Abstract Idea

The claims here are directed at a specific method of tracking and notifying a user of the status of a vehicle. As in the '299 patent case, Defendant tries to trivialize the invention by attempting to use the hotel bellboy to perform the claimed processes. The problem with Defendant's analogy is that it reads the claims in a vacuum and ignores the language of the specification. The clear purpose of the invention, which is captured in the claim, is to store a vehicle's real-time location information in a server and providing that information to a user when the user logs into the server using a remote communication device and the user's log in is verified by either by the user's telephone number (claim 11) or email address (claim 12). The information about the vehicle is transmitted to the user's remote communication device.

Thus, Defendant's hotel employee would have to, in real-time[5] determine and update the location of the vehicle in his/her notes, verify the guest based on the Caller Id on the telephone, which assumes the user is calling from his/her personal telephone, and then send the vehicle's information real-time to the user's device. In its last step, Defendant claims that the hotel employee "tell the guest when the shuttle will arrive." (Dkt. No. 13-1 at 12). The first problem with this analogy is that the last step of the

---

[5] The file history makes it clear that the tasks are performed in real-time.

11

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

claim requires "transmitting said retrieved set of status information to said <u>remote communication device</u>." The '207 patent at 9:6-7. [Emphasis Added]. In Defendant's analogy, this transmitting step is by the hotel employee telling the guest over the telephone the status of the vehicle.

Secondly, the claimed process requires real-time knowledge of the vehicle location by GPS, traffic information, route information, user preference, etc. Thus, under *SiRF Technology*, Defendant's arguments fail.

Defendant cites *Enfish*, but *Enfish* does not help Defendant. Like the arguments made by Microsoft in *Enfish*, Defendant here improperly ignores the actual language and grossly oversimplifies the claims to find an allegedly abstract idea. *Enfish, LLC*, 822 F. 3d at 1339.

Defendant would have this Court violate these important Federal Circuit principles, claiming that this case is instead akin to and should be governed by the Central District case in *Eclipse IP LLC v. McKinley Equip. Corp.*, 2014 U.S. Dist. LEXIS 125395, at *26-28 (C.D. Cal. Sept. 4, 2014). Defendant's equating the present case to *Eclipse* is based on its improper analogy of the hotel bellboy performing the claimed functions, which was debunked above.

### C. Defendant has not established that the Asserted Claim of the '359 patent is Drawn to an Abstract Idea

The claims here are directed at a specific method of tracking and notifying a user of the status of a vehicle based on specific conditions set by the user. As before, Defendant tries to trivialize the invention by attempting to use a hotel employee to perform the claimed processes. The problem with Defendant's analogy is that the claim requires a lot more than requesting and receiving location information. Defendant's hotel employee would have to, in real-time[6], determine and update the location of the

---

[6] The file history makes it clear that the tasks are performed in real-time.

vehicle, determine the exact instance the party wishes to receive the communication based on the vehicles current location and estimated travel time to the party's location. These are not steps that can be performed without real-time knowledge of the vehicle location by GPS, traffic information, route information, user preference, etc. Thus, under *SiRF Technology*, Defendant's arguments fail.

Defendant cites *Callwave*, 2016 U.S. Dist. LEXIS 125486, at *12-14 (emphasis added) (discussing *Concaten, Inc. v. AmeriTrak Fleet Solutions*, LLC, 131 F. Supp. 3d 1166 (D. Colo. 2015) and *Wireless Media Innovations, LLC v. Maher Terminals, LLC*, 100 F. Supp. 3d 405 (D.N.J. 2015)). These cases are regarding requesting and receiving location information. The present invention is beyond that, and like the arguments made by Microsoft in *Enfish*, Defendant here improperly ignores the actual language and grossly oversimplifies the claims to comprise "requesting and receiving location information" to find the allegedly abstract idea.

Defendant would have this Court violate Federal Circuit's to find in its favor. Moreover, claim construction has not been conducted thus the scope of the claims have not been determined by the Court.

### D. The Machine-or-Transformation "Clue" Supports Plaintiff

The claims the asserted patents are directed real time monitoring and communication systems. Real time status information of one or more vehicles are maintained in a database, and based on the user preference, the status information regarding estimated arrival time for the appropriate vehicle is communicated to the user's device. The status information communicated to the user's device is based on real-time traffic information, route information, etc. And as discussed above, these steps could not be performed without the machine. *SiRF Technology, Inc.*, 601 F.3d at 1332–33. Thus, Defendant has also failed under the machine-or-transformation clue.

## V. **CONCLUSION**

Based on the above, Defendant's motion for judgment on the pleadings should be denied.

Respectfully submitted,

DATED: November 14, 2016    **COTMAN IP LAW GROUP, PLC**

By: s/Rasheed M. McWilliams
_____
Rasheed M. McWilliams
Daniel C. Cotman
Obi I. Iloputaife

COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
Telephone: (626) 405-1413
Facsimile: (626) 316-7577

Attorneys for Plaintiff
Shipping & Transit LLC

14

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**